IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHELLY D. HUMBER                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO.1:05CV25-D-A

COMMISSIONER OF SOCIAL SECURITY                                           DEFENDANT

REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Shelly D. Humber for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Plaintiff's applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") and in a decision dated August 20, 2004, the ALJ found that the plaintiff was not disabled as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, and this case is now ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff was born on November 1, 1971. She completed high school and one year of college. The plaintiff's past relevant work has been as a retail packing and stocking clerk and product assembler. She filed her current applications for disability insurance benefits and

1

supplemental social security income on February 28, 2002.  In her applications, she alleged an onset of disability beginning February 9, 2002 due to a back and shoulder injury that impairs her ability to sit and stand for prolonged periods of time.   In the Hearing Decision dated August 20, 2004, the ALJ found that the plaintiff retains the residual functional capacity ("RFC") to perform less than the full range of sedentary work but that there exist jobs which she is capable of performing.  The plaintiff argues that the determination by the ALj was unsupported by substantial evidence and that he erred as a matter of law in determining that she is not entitled to benefits under the Act.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1]  The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3]  Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (1998).

[2]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (1998).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (1998).

2

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's RFC, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

In the instant case the ALJ initially found that the plaintiff suffers from "severe" impairments of mild scoliosis, thoracic compression fractures, gastroesophageal reflux disease, and fairly controlled depression/anxiety, but he concluded the impairments did not meet or equal a Listing under 20 C.F.R. Part 404, Subpart P, App. 1, Regulations No. 4. (Tr. 21). The ALJ discussed the medical evidence of record and concluded that the plaintiff's RFC is such that it allowed her to perform the exertional requirements of less than a full range of sedentary work. Specifically, the ALJ found that the plaintiff retained the RFC to lift and carry less than 10 pounds, stand and walk for a total of 3 to 4 hours and for up to 15 to 20 minutes without interruption and to sit a total of 6 hours, but only for 15 minutes without interruption. (Tr. 23). He further found that she can occasionally climb, balance, stoop, crouch, kneel, crawl, reach and

---

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (1998). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525, 416.925 (1998).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (1998).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (1998).

[8] *Muse*, 925 F.2d at 789.

3

push/pull and must avoid exposure to heights and to moving machinery and jobs requiring production quotas. *Id.*

In making his determination, the ALJ used both the Medical-Vocational Guidelines and the testimony of a Vocational Expert ("VE") to conclude that the plaintiff's RFC allowed her to find work as a telephone solicitor, telephone answering service operator, answering service operator, call-out operator and telephone quotation clerk. (Tr. 24). In making his determination the ALJ noted that "[t]he opinion of the treating physician, Dr. Washington, is given lesser weight because it is not consistent with the objective evidence in the treatment notes." (Tr. 22). Further, he states that "...Dr. Washington's opinion that the claimant's numerous problems make it difficult for her to maintain a job is an opinion reserved to the Commissioner" and that "Dr. Washington does not provide a residual functional capacity assessment." *Id.*

On appeal to this court the plaintiff makes the following arguments: (1) the ALJ committed reversible error in failing to set forth the requisite good cause for rejecting the opinion of Dr. Washington, plaintiff's treating physician; (2)the ALJ committed reversible error in failing to address the side effects of plaintiff's medications; (3) the ALJ's finding regarding plaintiff's credibility was not supported by substantial evidence; and (4) the ALJ failed to establish that there exists work in the national economy that the plaintiff can perform. These arguments fall into three basic categories: whether the ALJ afforded proper weight to the medical evidence of Dr. Washington; whether substantial evidence supported the decisions of the ALJ; and whether the decision of the ALJ regarding the plaintiff's ability to perform work that exists in number in the national economy was in error. The court will address the plaintiff's arguments accordingly.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further defined that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

## III. DISCUSSION

The plaintiff's main argument concerns the evidence of the plaintiff's treating physician, Dr. Laura Washington. She argues that the ALJ erred in failing to set forth the requisite good cause for affording lesser weight to the opinions of her treating physician. According to the plaintiff, the majority of the medical evidence contained in the record consists of medical records from Family Medicine Clinic, the clinic where Dr. Washington practices, and Dr. Washington treated plaintiff from March 1997 through June 2004. According to the plaintiff, these records, which pre-date her disability onset date, reflect that over the course of time plaintiff was treated for a number of illnesses, including an anxiety disorder, back pain, and depression, and support her claims of disability. *See* Plaintiff's Brief, pp 3-4. It is true that the record in this case includes exhaustive and detailed reports, notes and records of Dr. Washington and the clinic with which she practices that support the plaintiff's claims for disability. Most notable, is a letter from Dr. Washington dated February 24, 2004, just weeks after the plaintiff's disability onset date, which outlines Dr. Washington's opinions regarding the plaintiff's medical problems and her inability to maintain a job. (Tr. 186,207). The letter from Dr. Washington unequivocally states that it is Dr. Washington's opinion that due to the plaintiff's medical issues including back pain, headaches, compression fracture of the spine, irritable bowel syndrome, depression and anxiety as well as reflux disease, the plaintiff has extreme difficulty in maintaining a job, and Dr. Washington "support[s] her in her quest for disability rating." *Id.* The court notes, however, that the record does not include a Medical Source Statement completed by Dr. Washington.

The ALJ afforded Dr. Washington's opinion "lesser weight" than that of Dr. Logan, the consultative physician, because Dr. Washington's opinion was "not consistent with the objective

6

evidence in the treatment notes" and because she did not provide a RFC assessment. (Tr. 22). In following the RFC statement issued by Dr. Logan, the ALJ, using the Medical-Vocational Guidelines and testimony of an VE, found that the plaintiff was capable of performing jobs that exist in significant numbers in the national economy and thus was not disabled as a matter of law. The plaintiff argues that in order for an ALJ to properly afford lesser weight to the medical opinions of a treating physician, he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. §404.1527(d)(2)." *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The fact that the ALJ did not follow this criteria, according to the plaintiff, makes his failure to afford controlling weight to the opinions of the treating physician an error as a matter of law. The government responds that while the *Newton* criteria are generally applicable, in a case such as the one at bar, such considerations are not mandatory because the opinions expressed by Dr. Washington was a legal conclusion reserved for the commissioner and not a medical opinion. Therefore, according to the government, the ALJ was not required to follow *Newton* to the letter.

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); 20 C.F.R. § 404.1527(d)(2). Although the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'"

7

*Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

In *Newton*, the Fifth Circuit noted that there are several factors that the ALJ must consider before declining to give evidence of a treating physician controlling weight:

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d)(2). Social Security Administration Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." *See* id. The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

*Newton* at 456.

Pursuant to SSR 96-5p, an ALJ must provide appropriate explanations when the treating physician's opinions are not afforded controlling weight. *Id.* In this cause, the ALJ clearly reviewed Dr. Washington's records and in his opinion declared the reasons for his failure to give controlling weight to her opinions. However, he failed to follow specifically the criteria laid out in *Newton* and the ALJ neither referred to the *Newton* criteria, nor did he clearly consider each of the § 404.1527(d) factors. Instead, he simply granted the report of the consulting physician, Dr. Logan, greater weight than the records of Dr. Washington for several reasons, most notably the absence of a Medical Source Statement/ RFC completed by her.

It appears to the undersigned that it is possible that the inclusion of such an assessment, in proper form, could have caused the ALJ to view Dr. Washington's medical records and reports in a different light or at least afford more weight to her opinion. In a case such as this, where the record is incomplete, and specifically where the required information could be easily obtained, the Commissioner should contact an examining physician. 20 C.F.R. § 404.1509p(b) (2000). The ALJ must seek clarification when a treating physician's report is incomplete or inadequate. *Newton v. Apfel*, 209 F.3d 448 at 453. The court is of the opinion a Medical Source Statement/ RFC assessment by Dr. Washington would have been helpful to the ALJ and potentially provided a more complete picture of the plaintiff's medical conditions and ability as they relates to her potential for employment or benefits under the Social Security Act; and because submission of such a report or assessment by Dr. Washington may provide evidence that could change the result in the instant case, the undersigned finds that decision of the Commissioner should be remanded for further proceedings after this specific information is obtained from Dr. Washington. Because the court recommends that this action be remanded to the ALJ for further

consideration of the plaintiff's treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted.

The 1st day of November, 2005.

    /s/ S. ALLAN ALEXANDER
    UNITED STATES MAGISTRATE JUDGE